

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 6, 1969

Honorable Murray Watson
Chairman of Senate Committee on
   Legislative, Congressional and
   Judicial Districts
State Capitol Building
Austin, Texas

Opinion No. M-349

Re: Senate Bill No. 25 on
apportionment of State into
Senatorial Districts and
elections required thereby.

Dear Senator Watson:

In your recent request for opinion you submitted a copy of Senate Bill No. 25 which proposes to make changes in two of the thirty-one Senatorial Districts (Nos. 8 and 16), to become effective in the elections to the 63rd Legislature in 1972. In connection therewith you present the following questions:

"1.  Can the Legislature amend the statute dealing with apportionment of the Senate or House of Representatives on a local basis bill?

"2.  Will such a bill be considered as a general reapportionment in order to require the members of the Senate to run at the next election?

"3.  Can a bill be passed at this session--to become effective January, 1972--and not be considered a reapportionment, in order to cause all members to run at the next election?

"4.  Will the bill require publication as a local bill in the newspapers?

"5.  Are there any constitutional questions which would prohibit the enactment of such bill or jeopardize the existing district in either the House of Representatives or the Senate?"

Article III, Section 3 of the Constitution of Texas provides, in part, as follows:

"The Senators shall be chosen by the qualified electors for the term of four years; but <u>a new Senate shall be chosen after every apportionment</u>, and the Senators

- 1733 -

elected after each apportionment shall be divided by lot into two classes. The seats of the Senators of the first class shall be vacated at the expiration of the first two years, and those of the second class at the expiration of four years, so that one half of the Senators shall be chosen biennially thereafter..." (Emphasis supplied)

Article III, Section 25 of the Constitution of Texas states, in part, that:

"The State shall be divided into Senatorial Districts of contiguous territory according to the number of qualified electors, as nearly as may be, and each district shall be entitled to elect one Senator ..."

Article III, Section 28 of the Constitution of Texas directs, in part, as follows:

"The Legislature shall, at its first regular session after the publication of each United States decennial census, apportion the state into senatorial and representative districts, agreeable to the provisions of Sections 25, 26, and 26-a of this Article. In the event the legislature shall at any such first regular session following the publication of a United States decennial census, fail to make such apportionment, same shall be done by the Legislative Redistricting Board of Texas, ..." (Emphasis supplied)

The evident question of whether a bill such as S.B. No. 25 is, in fact, an apportionment bill or is something less or different is best set out in the case of Kilgarlin v. Martin, (D.C. 1966) 252 F. Supp. 404, reversed on other grounds 87 S.C. 820, 386 U.S. 120, 17 L.Ed.2d 771, wherein a footnote contained the following:

" 'Apportionment', in the technical sense, refers solely to the process of allocating legislators among several areas or political subdivisions, while 'districting' entails the actual drafting of district lines. Thus, Congress 'apportions' Representatives among the states, while the states 'district' by actually drawing the congressional district lines. In Texas, the Legislature both 'apportions' and 'districts' as in H.B. 195. For example, it 'apportions' 19 Representatives to Harris County, and 'districts' Harris County into three districts. In keeping with common usage, however, the total process will be referred to as 'apportionment' in this opinion. See Comment, 72 Yale L.J. 968 (1963) at 970 n. 24."

Redistricting of the Senate has consistently been recognized as an apportionment as is reflected by the elections held pursuant to the most recent "redistricting" thereof occasioned by Acts 1965, 59th Legislature, page 719, Chapter 342.

Any apportionment of the Senate must be in compliance with those portions of Article III, Section 25, Constitution of Texas, which have not been declared to be in violation of the United States Constitution. (Attorney General Opinion WW-1041, dated April 20, 1961) The portion of Article III, Section 25, above quoted, requires the State as a whole to be divided into Senatorial districts. This does not mean that S.B. No. 25 as written could not be passed into law, but that if it were, it would have the effect of reapportioning the unmentioned Senatorial districts as they were and would, therefore, be a general and not a local law. Your first question is answered in the negative in that such apportionment would be a general and not a local law.

In Attorney General's Opinion No. 2366, dated July 18, 1921, and recorded on page 188, et seq. of the Report and Opinions of Attorney General 1920-22, at page 192, being an answer to an inquiry similar to your second and third questions, the following opinion was expressed:

> "Moreover, in the event the Legislature should pass an act redistricting the State into senatorial districts effective some time in 1924, it could not be said that the State has been apportioned until the Act takes effect. It follows that in the event a new Senate would not be elected under the new apportionment until after the taking effect of the Act."

No reason is seen why such opinion should not still be authoritative. It is the established policy of this office to follow earlier opinions on the same subject where they are not shown to be clearly in error. Attorney General's Opinion No. O-1659 (1939).

Your second question is answered in the negative insofar as it inquires as to whether the enactment of S.B. No. 25 would necessitate the election of a new Senate for the 61st or 62nd Legislature. However, it must be answered in the affirmative to the extent that it inquires as to whether its passage would be considered as a general reapportionment after its effective date so as to require the election of a new Senate at that time. S.B. No. 25, if finally enacted into law, upon reaching its effective date, would be an apportionment at that time and would, therefore, in accordance with Article III of Section 3 of the Constitution of Texas, require the election of a new Senate.

Your third question is answered in the affirmative to the extent that S.B. No. 25 could be passed at this session and not immediately be

an apportionment requiring the election of a new Senate, such election not being required until after its effective date.

Inasmuch as S.B. 25, if enacted, would not be a local law as pointed out in answer to your first question, publication required of local laws by Article III, Section 57 of the Texas Constitution need not be made.

Referring to your fifth question, no attempt will be made to foreclose or foresee any and all possible constitutional questions that might arise as a result of the passage of S.B. No. 25. Nevertheless, it should be observed that if S.B. No. 25 were to be finally enacted into law so as to become effective for the elections to the 63rd Legislature, it will not satisfy the requirement of Article III, Section 28 of the Constitution of Texas, to the effect that a new apportionment must be made after the decennial Federal Census of 1970. This is necessarily so because of the necessity of requiring the passage of an apportionment utilizing the results of the decennial census. Such bill, if enacted, would be repealed by the apportionment required to be made after the decennial Federal Census of 1970 or by the apportionment of the Legislative Redistricting Board in the event the Legislature does not act.

## S U M M A R Y

S.B. No. 25, proposing to change the boundaries of two of thirty-one Senatorial districts, would be a general law and upon its effective date would require the election of a new Senate; but if enacted it would be repealed by the apportionment required to be made after the decennial Federal Census of 1970 or by the apportionment of the Legislative Redistricting Board in the event the Legislature does not act.

Very truly yours,

Crawford C. Martin
Attorney General of Texas

Prepared by Harold G. Kennedy
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Co-Chairman
Louis Neumann
John Banks
Dyer Moore, Jr.
Jay Floyd

W. V. GEPPERT
Staff Legal Assistant